CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 03 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JANET M. CRUMP, ) | |
| ) | Civil Action No. 7:13CV00007 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | By:  Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Janet M. Crump, was born on September 30, 1967 and eventually completed her high school education. Plaintiff has worked as a retail store clerk, order picker in an automotive parts operation, machine operator in textile operations, and housekeeper. She last worked on a regular and sustained basis in 2008. On February 25, 2009, Ms. Crump filed applications for

disability insurance benefits and supplemental security income benefits. Plaintiff alleged that she became disabled for all forms of substantial gainful employment on August 15, 2008, due to a torn tendon in her right foot and high blood pressure. Ms. Crump now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally, 42 U.S.C. §§ 416(i) and 423(a).

Ms. Crump's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated July 13, 2011, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Ms. Crump experiences a severe impairment on the basis of right foot dysfunction. Because of this condition, the Law Judge held that plaintiff is disabled for all of her past relevant work roles. However, the Law Judge determined that Ms. Crump retains sufficient functional capacity for a limited range of sedentary work activities. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except for that which requires standing and/or walking more than 30 minutes at a time or cannot be done by an individual who must occasionally use a cane to assist with ambulation.

(TR 12). Given such a residual functional capacity, and after considering plaintiff's age, education, and past work experience, as well as testimony from a vocational expert, the Law Judge determined that Ms. Crump retains sufficient functional capacity to perform several specific sedentary work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Ms. Crump is not disabled, and that she is not entitled to benefits under either federal

2

program. See generally, 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Crump has now appealed to this court

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. It seems that in the summer of 2008, Ms. Crump experienced a tear in a tendon in her right foot. Dr. James M. Farmer, an orthopaedic surgeon, performed surgery to repair the tendon, and to relieve flat foot deformity, in August of 2008. Dr. Farmer arranged for physical therapy in November of 2008. By February of 2009, Dr. Farmer concluded that Ms. Crump had reached a maximum level of improvement. While he opined that plaintiff could not tolerate prolonged standing, he recommended that she obtain sedentary employment. (TR 317). Ms. Crump continued to experience discomfort in her right lower extremity, and she sought treatment by other medical providers. While she has continued to receive treatment, no doctor has suggested that plaintiff is disabled, and no doctor has indicated that she is

3

unable to perform sedentary work roles as envisioned by Dr. Farmer. Based on the medical evidence, the Administrative Law Judge found that Ms. Crump is limited to sedentary work activities which do not require prolonged standing or walking, and which will accommodate occasional use of a cane to assist with ambulation. Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, a vocational expert testified that Ms. Crump could be expected to perform several specific sedentary work roles existing in significant number in the national economy.

The court believes that the Law Judge's reliance on Dr. Farmer's reports, and the Law Judge's assessment of plaintiff's physical limitations, are both reasonable and consistent with the evidence of record. From the court's review of the evidence, it appears that the Law Judge propounded a fair and complete hypothetical question to the vocational expert. Furthermore, the court finds that the vocational expert's evaluation of the vocational factors, and the assumptions under which the expert deliberated, are also consistent with the evidence developed in Ms. Crump's case. In short, the court concludes that the Law Judge's opinion denying entitlement is supported by substantial evidence. It follows that the final decision of the Commissioner must be affirmed.

On appeal to this court, plaintiff maintains that the Law Judge underestimated the extent of pain caused by the surgical residuals in her right foot. She points out that, at the administrative hearing, she described a number of subjective symptoms, including pain, swelling, throbbing, burning sensation, and numbness. However, the court believes that the Administrative Law Judge took these subjective manifestations into account in determining that plaintiff is limited to sedentary work not requiring prolonged standing and walking, and in which she can occasionally use a cane.

4

Indeed, the court does not believe that Ms. Crump's testimony is inconsistent with the notion that she is now able to perform work in a seated position.

In her submission to the court, plaintiff also notes that she has a history of high blood pressure, and that she has now developed depression. However, the court finds no evidence to support the proposition that plaintiff's hypertension is so severe as to affect her capacity to perform the sedentary work for which she is otherwise physically capable. Moreover, as to plaintiff's depression, there is no allegation or evidence in the existing record to suggest that Ms. Crump experiences debilitating emotional symptoms. If plaintiff has now developed depression of a severity sufficient to affect her performance of work activity, her proper course is to file a new application for benefits, pursuant to which all of her impairments may be considered in a new adjudication. However, the court concludes that plaintiff's depression may not be considered as part of the decision currently before the court. Borders v. Heckler, 777 F.2d 954 (4th Cir. 1985).

In affirming the Commissioner's final decision, the court does not suggest that Ms. Crump is free of all pain and discomfort. Indeed, the record confirms that plaintiff has suffered from a very significant foot injury, and that she will continue to experience residual effects. Without question, plaintiff experiences pain and impairment in her ambulation. However, it must again be noted that the doctor who treated plaintiff's severed tendon specifically found that, after surgery, Ms. Crump had recovered to such an extent as to permit performance of sedentary work activity. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. Indeed,

the court believes that the Law Judge gave the plaintiff the benefit of the doubt in assessing her residual functional capacity. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. <u>Richardson v. Perales</u>, <u>supra</u>; <u>Oppenheim v. Finch</u>, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. <u>Laws v. Celebrezze</u>, <u>supra</u>. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This 3rd day of March, 2014.

                                                 /s/ Glen Conrad
                                      Chief United States District Judge